UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EROD HABIB XARAGUA EL,

        Plaintiff,

v.                              Case No. 8:21-cv-2742-KKM-AEP

MICHAEL BRAEM, DEANNA K. LEE,
and CHARTER COMMUNICATIONS,
INC.

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion Appeal *In Forma Pauperis* (Doc. 12). Plaintiff seeks to appeal the District Judge's Order entered on December 30, 2021, dismissing Plaintiff's Complaint without prejudice for failure to pay the filing fee (Doc. 7). Before the District Judge entered the Order dismissing Plaintiff's Complaint, the District Judge directed Plaintiff to show cause by a written response as to why the case should not be dismissed for failure to pay the filing fee (Doc. 2). The District Judge advised Plaintiff that failure to show good cause would result in the action being dismissed without prejudice without further notice (Doc. 2). After the District Judge's deadline to show cause expired, the District Judge, *sua sponte*, extended Plaintiff's deadline to respond to the order to show cause (Doc. 4). Thereafter, Plaintiff filed a nonsensical response (Doc. 6). On December 30, 2021, the District Judge dismissed Plaintiff's Complaint without prejudice for failure to

pay the filing fee or move to proceed *in forma pauperis* and failure to show good cause for his failure (Doc. 7). On April 22, 2022, Plaintiff filed a Notice of Appeal (Doc. 10). In the Notice of Appeal, Plaintiff only mentions that he is appealing the Court's Order entered on December 30, 2021, without identifying the issues he intends to present on appeal (Doc. 10). On May 10, 2022, Plaintiff filed a Motion to Appeal *in Forma Pauperis*, now before this Court (Doc. 12).

Motions to proceed *in forma pauperis* on appeal are governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915.[1] *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1287–88 (M.D. Fla. 1998), *aff'd sub nom. DeSantis v. United Techs.*, 193 F.3d 522 (11th Cir. 1999) (citing *Brown v. Pena,* 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd,* 589 F.2d 1113 (5th Cir. 1979)). Under Rule 24, a motion to proceed on appeal *in forma pauperis* must contain an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

As with a request to proceed *in forma pauperis* in a district-court action, a court considering a request to proceed *in forma pauperis* on appeal must keep in mind its mandate to dismiss a case at any time if it determines the action or appeal is

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Pursuant to 28 U.S.C. § 1915(a), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "To satisfy this 'good faith' standard, the appealing party must demonstrate that any issue he seeks to pursue is 'not frivolous when examined under an objective standard.'" *Arias v. Moody*, No. 8:18-cv-304-T-23CPT, 2018 WL 4964640, at *2 (M.D. Fla. Aug. 29, 2018), *report and recommendation adopted*, 2018 WL 4964013 (M.D. Fla. Oct. 15, 2018) (quoting *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008)). "An issue is deemed to be 'frivolous' when 'it appears the plaintiff has little or no chance of success.'" *Id.* (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). Thus, an application to appeal *in forma pauperis* may be denied "if it appears — objectively — that the appeal cannot succeed as a matter of law." *DeSantis*, 15 F. Supp. 2d at 1289. If the district court denies a motion to proceed *in forma pauperis* on appeal, the court must state its reasons in writing. Fed. R. App. P. 24(a)(2).

Plaintiff's motion (Doc. 12) is deficient in several respects. First, the motion fails to comply with Rule 24 because it does not claim an entitlement to redress or state the issues that Plaintiff intends to pursue on appeal. Second, Plaintiff's Notice of Appeal is untimely. Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal to "be filed with the district clerk within 30 days after the judgment or order appealed from is entered." In the instant case, the District Judge entered

the dismissal Order on December 30, 2021, and Plaintiff filed the Notice of Appeal on April 22, 2022. Thus, Plaintiff's appeal of the Order of dismissal is frivolous.

Accordingly, it is hereby

RECOMMENDED:

1.    Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 12) be DENIED.

2.    If the Court denies the request to proceed *in forma pauperis*, the Clerk, in accordance with Federal Rule of Appellate Procedure 24(a)(4)(A), should be directed to notify the Eleventh Circuit that the motion to proceed *in forma pauperis* has been denied.

IT IS SO REPORTED in Tampa, Florida, on this 12th day of May, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:     Hon. Kathryn Kimball Mizelle
        Counsel of Record
        Plaintiff, *pro se*